# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

United States of America,

Plaintiff,

v.

Jeremy Halgat, et al.,

Defendants.

Case No.: 2:13-cr-00239-JAD-PAL

**Order in Limine re: Use of the Term "Gang" at Trial**

This case arises from an ATF sting operation that resulted in the indictment of the three defendants for conspiracy to possess with intent to deliver 10 kilograms of cocaine and using and carrying a firearm in relation to a drug trafficking crime. Doc. 1. Trial of this matter was scheduled to begin on January 14, 2014. Doc. 97. At the pretrial conference on January 13, 2014, the Defendants[1] waived their Speedy Trial rights in conjunction with a request for a trial continuance, and the trial was reset for May 2014.

Before the trial-continuance request was raised, counsel for Defendants made a verbal in limine request to preclude reference to the Vagos Motorcycle Club as a "gang," arguing that this word is more prejudicial than probative as it evokes an unnecessarily negative connotation that has no relevance to any element of the offenses alleged in this case. Defendants do not seek to exclude reference to the Vagos organization or evidence of the Defendants' affiliation with the Vagos organization; their objection is only to the *labeling* of that group as a "gang."

The Court finds that referencing the Vagos Motorcycle Club as a "gang"—in evidence or otherwise—would be substantially more prejudicial than probative. Rule 403 authorizes trial courts

---

[1] Defendants now include only Jeremy Halgat and Anthony McCall; the Court accepted Robert Morrow's plea on January 13, 2014.

1

to exclude even relevant evidence when its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The Government is required to establish how the evidence is relevant to one or more issues in the case: 'it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.'" *Arambula-Ruiz*, 987 F.2d at 602 (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982)).

All parties agree that this is not a "gang case." The government acknowledges that it does not intend to offer evidence that Vagos is officially recognized as a "gang," but argues that the Vagos activities and the defendants' identity as part of this group are probative. Those activities and the defendants' affiliation with the Vagos organization and each other, however, can be just as easily established without using the loaded word "gang" to describe this group of individuals. Thus, to ameliorate the concerns raised by the Defendants and the unnecessary prejudice that referring to Vagos as a "gang" may cause, *see, e.g., United States v. Irvin*, 87 F.3d 860, 866 (7th Cir. 1996) (noting that "negative feelings and criminal activity are commonly associated with gangs, including motorcycle gangs"), the Court will preclude reference to the group as a "gang" at trial and herein instructs that any evidence that references the Vagos group as a "gang" shall be redacted to eliminate the term "gang" before presentation to the jury. Counsel should also ensure that witnesses are cautioned against using the term "gang" to describe the Vagos Motorcycle Club. The parties remain free to reference the Vagos Motorcycle Club as a "group," "club," or "organization," or by utilizing any other non-inflammatory and non-prejudicial term—just not as a "gang." As trial has been continued to May 13, 2014, the parties should have ample time to prepare their arguments, questioning, evidence, and witnesses to substitute these less prejudicial terms for any "gang" label.

IT IS SO ORDERED.

DATED: March 10, 2014.

JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

2